**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

United States Courts
Southern District of Texas
FILED

OCT 07 2015

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| vs. § § § | CRIMINAL NO. **15 CR 543** |
| JOSEPH SCOTT BALLEW § | |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

At all times material to this Indictment:

1. The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

2. The term "child pornography", for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), as:

   "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -

   (A) the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct."

3. The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2)(A), as any:

   "actual or simulated -
   (i) sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite

1

|     |       |
| --- | ----- |
|     | sex; [or] |
| (ii) | bestiality; [or] |
| (iii) | masturbation; [or] |
| (iv) | sadistic or masochistic abuse; or |
| (v) | [the] lascivious exhibition of the genitals or pubic area of any person." |

4.  The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6) and 1030(e)(1), as any:

> "electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5.  The term "producing" is defined, pursuant to Title 18, United States Code, Section 2256(3) and case law, as:

> "producing, directing, manufacturing, issuing, publishing or advertising," and includes downloading images from another source, buy using materials, including a computer or parts thereof.

6.  The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section 2256(5), as including, but is not limited to, any:

> "undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE
### (Distribution of Child Pornography)

From on or about April 27, 2014, through on or about April 28, 2014, within the Southern District of Texas and elsewhere,

**JOSEPH SCOTT BALLEW,**

defendant herein, did knowingly distribute material that contained child pornography using any

2

means and facility of interstate and foreign commerce.

**In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1).**

## COUNT TWO
### (Receipt of Child Pornography)

From on or about April 27, 2014, through on or about February 6, 2015, within the Southern District of Texas and elsewhere,

**JOSEPH SCOTT BALLEW,**

defendant herein, did knowingly receive material that contains child pornography using any means and facility of interstate and foreign commerce.

**In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1).**

## COUNT THREE
### (Possession of Child Pornography)

On or about February 7, 2015, within the Southern District of Texas,

**JOSEPH SCOTT BALLEW,**

defendant herein, did knowingly possess material that contained multiple images of child pornography, which had been mailed or shipped and transported using any means and facility of interstate or foreign commerce or in or affecting interstate and foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, shipped, and transported in or affecting interstate and foreign commerce, by any means, including by computer, more specifically: the defendant possessed an Asus laptop computer, which contained videos of

child pornography.

**All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).**

**NOTICE OF FORFEITURE**
**18 U.S.C. § 2253(a)**

Pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), the United States gives the defendant notice that in the event of conviction for the offenses charged in Counts One through Three of the Indictment, the United States will seek to forfeit all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Counts One through Three; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Counts One through Three, or any property traceable to such property, including, but not limited to, the following:

    An Asus laptop computer.

A True Bill:

Original Signature on File
―――――――――――――――
Grand Jury Foreperson

KENNETH MAGIDSON
United States Attorney

By: *Kimberly Ann Leo*
Kimberly Ann Leo
Assistant United States Attorney
713-567-9465